### SHIPWAY et al. v. ROFRANO.

(Supreme Court, Appellate Term.    June 28, 1899.)

SALES—AGENCY.

One H. obtained an order from defendant to supply marble for an agreed sum. He then obtained employment from marble dealers, and gave them the order, incorrectly enumerating, however, the articles to be supplied. *Held*, that the dealers were bound to fill the order as it was given by defendant; failing in which, they could not recover the agreed sum.

Appeal from municipal court, borough of the Bronx, Second district.

Action by John H. Shipway and others against Michael A. Rofrano. From a judgment for plaintiffs, defendant appeals.    Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Jehiel T. Hurd, for appellant.

Ellis B. Southworth, for respondents.

LEVENTRITT, J.    This is an action for the balance due on the contract price of goods sold and delivered.    The defense alleges that there was only a partial delivery.    The sole question at issue is the quantity of marble to which the defendant was entitled.    Until the dispute arose as to the nature of the contract for the marble, the parties to this litigation had never met, the transactions between them having been conducted by one Hurlburt.    The latter approached the defendant, who was erecting certain buildings, and solicited an order for the marble work.    The defendant furnished him with a copy of the plans and specifications upon which to estimate.    Hurlburt thereupon submitted to the defendant a proposal, which was accepted, and at about the same time he went to the plaintiffs, sought employment as their salesman, and informed them that he had this order, which he desired them to fill.    He was taken into their employ, supplied them with a list prepared by him of the articles to be furnished the defendant, and was then requested to obtain a formal confirmation of the order.    This was done, and the following letter received:

"New York, June 20th, 1898.

"Mr. C. T. Hurlburt—Dear Sir: Your proposal to me of May 26th has been accepted. You can proceed with the delivery at once of the marble, and oblige.

"Yours, etc.,                                                        M. A. Rofrano.

"P. S.    Amt. to be paid for same is ($375 $^{00}/_{100}$) three hundred and seventy-five dollars."

The plaintiffs from time to time delivered all the items enumerated in the list furnished by Hurlburt, with the exception of a few articles which were duly credited, and which are not here in dispute. The plaintiffs deducted this credit, together with the payments made by the defendant, from the $375 mentioned in the confirmation, and, after demand, brought suit for the balance, $121.05. The defendant resisted recovery on the ground that the plaintiffs had failed to deliver 26 mantels, which were embraced in the plans and specifications, and which were included in Hurlburt's estimate. It appears that these mantels were not mentioned in the list which Hurlburt handed to the plaintiffs, and that their value was equal to the balance claimed. At the time of trial Hurlburt had disappeared. The defendant sought to prove that the mantels were contracted for, by offering in evidence a letter from Hurlburt containing the proposal of May 26th, referred to in the ratification of June 20th. This letter was excluded upon the theory that proof of the understanding between Hurlburt and the defendant was inadmissible. We are of the opinion that this constituted error. The rights of the parties are dependent on the contract as it was originally made. Only one contract was entered into by the defendant. That consisted of the proposal of May 26th and the acceptance of June 20th, and the terms and conditions of the proposal govern the extent of the acceptance. The latter contemplated a delivery of everything enumerated in the former. Whether we regard the contract as made by Hurlburt, in the capacity of principal, before he entered the plaintiffs' employ, and that they adopted it, or whether we regard it as made by Hurlburt, in the capacity of agent for the plaintiffs, after he entered their employ, the rights of the defendant under it are not altered. They undertook to fill the contract in strict accordance with the proposal of May 26th, and it was their duty to ascertain the extent of the obligation which they assumed. Hurlburt could not make a new contract for the defendant. Whether, intentionally or unintentionally, he omitted to furnish a correct list to the plaintiffs, the consequences cannot be visited on the defendant. The plaintiffs could have verified, by inquiry of the defendant, the number and kind of the marble articles to be delivered; but, if they chose to rely on Hurlburt's carefulness or honesty, and were misled, they cannot shift to the defendant the loss entailed by their misplaced confidence. If 26 mantels were included in the proposal, no recovery for the unpaid balance can be had. Obviously, then, the defendant cannot be precluded from showing what that proposal was. The rejected testimony was the best evidence that could be offered to prove it, and the error resulting from its exclusion requires a new trial.

Judgment reversed, and a new trial ordered, with costs to appellant to abide event. All concur.